IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-03286-RPM

CHERISE SMITH,

       Plaintiff,

v.

AIR SERV CORPORATION,

       Defendant.

## STIPULATED PROTECTIVE ORDER

       Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

       1.    In this action, at least one of the Parties has sought, is seeking, and/or wishes to rely on Confidential Information (as defined in paragraph 2 below).  The Parties assert that this case potentially involves: (a) confidential business information related to Plaintiff's job, including information related to Defendant's customers; (b) sensitive personal and personnel information of Defendant's current or former employees; (c) Plaintiff's medical records; and, (d) Plaintiff's W-2 & 1099 forms.  The disclosure of such information outside the scope of this litigation could result in serious injury to one or more of the Parties' and non-parties' business or privacy interests.  Therefore, the Parties have entered into this Stipulation and request the Court to enter

this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below which may include but is not limited, the following types of information:

    a. Documents, information and communication related in anyway to third party personnel information;

    b. Confidential medical information including medical records;

    c. Personal data concerning Plaintiff and/or third party personnel, including financial information;

    d. Tax returns;

    e. W-2 forms; and

    f. Any other material qualifying for protection under Rule 26(c), Federal Rules of Civil Procedure.

3. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Confidential Information shall be designated a Level 1 restriction pursuant to D.C.Colo.LCivR 7.2(B)(5). The Parties agree that under a Level 1 restriction, when disclosed, the access to Confidential Information shall be limited to the Parties and the

Court, *except that* such information may be provided to:

    a. attorneys employed by the firms representing each party in this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties, and designated representatives for the entity defendant;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons <u>only</u> by written agreement of the parties or by court order.

    5. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response

to a discovery request; and

  c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

 6. All Confidential Information provided by a Party shall be subject to the following restrictions:

  a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

  b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed, but no affidavit shall be necessary for individuals identified in ¶4.

 7. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

 8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall maintain a list of all persons to whom any Confidential Information is disclosed.

 9. During the pendency of this action, opposing counsel may, upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to

paragraph 8 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information and copies made there from pursuant to paragraph 10 above.

12. If opposing counsel objects to the designation of certain information as Confidential Information she shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter

be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

13. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use.  The Parties agree to move to file Confidential Information under seal and to seek to seal the records of any Court proceedings in which Confidential Information is disclosed.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no

position as to the authenticity or admissibility of documents produced subject to it.

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made there from or provide the producing party or provide verification that any of counsel's work product referencing Confidential Information has been destroyed. Except that counsel for the Parties shall be permitted to retain court filings, deposition transcripts, exhibits, and work product that contain Confidential Information or references thereto; provided that such counsel, and employees of such counsel shall not disclose such retained materials to any person nor use such retained materials for any purpose unrelated to this action except pursuant to court order or agreement with the Producing Party. In addition, the Parties, their Counsel, and experts for a Party shall not be required to return or to destroy any Confidential Information to the extent prohibited by law or to the extent such Confidential Information is (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information is not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Protective Order.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the

Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this 2nd day of November 2012.

BY THE COURT:

s/ Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

STIPULATED AND AGREED BY:

*s/Charlotte N. Sweeney*
Charlotte N. Sweeney
Rachel E. Ellis
SWEENEY & BECHTOLD, LLC
650 S. Cherry St., Ste. 610
Denver, CO 80246
Telephone:303.865.3733
Facsimile:  303.865.3738
cnsweeney@sweeneybechtold.com
reellis@sweeneybechtold.com

ATTORNEYS FOR PLAINTIFF
CHERISE SMITH


*s/ Erin A. Webber*
Erin A. Webber
Alyson A. Smith
LITTLER MENDELSON, P.C.
1900 16th Street, Suite 800
Denver, CO  80202.5835
Telephone: 303.629.6200
Facsimile: 303.629.0200
E-mail: ewebber@littler.com
           aasmith@littler.com

ATTORNEYS FOR DEFENDANT AIR
SERV CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-03286-RPM

CHERISE SMITH,

    Plaintiff,

v.

AIR SERV CORPORATION,

    Defendant.

---

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

---

    I, _____, declare that:

    My address is _____.

    My present employer is _____.

    I have read and understand the contents of the Stipulated Protective Order in the above-entitled action.

    I understand that I am bound by the terms of the Stipulated Protective Order.

    I shall, upon being notified of the termination of the above-entitled action, return all copies of Confidential Information to counsel from whom I received such Confidential Information, and I shall destroy any notes and/or memoranda I have regarding the Information.

    I subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the Stipulated Protective Order.

    I declare under penalty of perjury under laws of the United States of America that the forgoing is true and correct.

    Dated this ___ day of _____, 201_.

                                                    _____

Firmwide:115757686.2 068149.1018

11